IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOAN GRACE HARLEY; WHITNEY KOHL; JOHN GUNTER, JR.; CHRIS SEVIER,** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:17-CV-3073-L** |
| **GREG ABBOTT**, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER

Before the court is the Motion for Extended Time, Motion for Miscellaneous Relief, Motion for Leave to File and Amended Complaint, and Motion to Reconsider Permitting Amicus Filers Leave to File (Doc. 70), filed February 16, 2018. The foregoing motions, which were filed as a single document, were filed by pro se Plaintiff Chris Sevier ("Sevier"); however, because Sevier seeks relief on behalf of all Plaintiffs, the court construes the motions as being filed by all "Plaintiffs" in this action and refers herein to the motions as "the Motion" or "Plaintiffs' Motion."

This action was originally brought by Plaintiffs on November 7, 2017. Shortly after the case was filed, the pro se Plaintiffs were warned that they must read and follow the court's Local Civil Rules and the Federal Rules of Civil Procedure, and that their failure to do so could result in unnecessary "delay or other consequences—including dismissal of [your] case." Instructions to Pro Se Plaintiff (Doc. 2). Subsequently, the court entered two orders in which it admonished Plaintiffs for failing to comply with the court's Local Civil Rules or the Federal Rules of Civil Procedure. *See* Orders (Docs. 22, 64). Among other things, the court advised Plaintiffs that Sevier, who is

Order – Page 1

proceeding pro se in this action, cannot represent or file documents on behalf of other parties. The court also admonished Sevier for filing documents without a certificate of conference in violation of the court's Local Civil Rules. In three orders (Docs. 22, 64, 65), the court also warned Plaintiffs that, regardless of whether they are represented by counsel or proceeding pro se, they must comply with the court's Local Civil Rules and the Federal Rules of Civil Procedure, and their continued failure to comply with these rules and the court's orders would result in the noncompliant filing being stricken, dismissal of this action, or other sanctions, as the court deemed appropriate.

   Plaintiffs' Motion does not include a certificate of conference as required by Local Civil Rule 7.1. As a result, it is unclear whether the Motion or myriad of relief requested in the Motion is opposed and necessitates a delay in the court's ruling on the Motion until the other parties have an opportunity to respond. In addition, the Motion was filed by Sevier on behalf of the other pro se Plaintiffs and the amicus filers in violation of the court's prior order. Sevier contends that Plaintiffs' case should not be stopped "due to some irrelevant and arbitrary technical issue(s) . . . which [are] nothing more than a ploy to avoid the merits of a controversy." Pls.' Mot. 12. Sevier also asserts that he is a "former Judge Advocate General." *Id.* at 1. Thus, it appears he has some legal training or experience. According to the exhibits attached to the Motion and other documents filed in this case, this is not the first lawsuit brought by Plaintiffs, so this is not their "first rodeo." Regardless of Plaintiffs' prior experience or training or their pro se status, the court expressly warned them on three occasions that their pro se status or representation by counsel would not excuse their continued failure to comply with the court's order or the applicable rules of civil procedure. Further, while Plaintiffs contend that strict adherence to rules is arbitrary and overly technical, the court has inherent authority to control its docket to minimize unnecessary delays and avoid wasting scarce

**Order – Page 2**

judicial resources caused by a party's failure to comply with the court's orders. *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (concluding that federal courts have inherent authority "to protect the efficient and orderly administration of justice and those necessary to command respect for the court's orders, judgments, procedures, and authority."); *Prudhomme v. Teneco Oil Co.*, 955 F.2d 390, 392 (5th Cir. 1992) ("The district court has broad discretion in the management of its docket and the trial of lawsuits pending before it."). Accordingly, for all of the reasons set forth in this order, the court **dismisses without prejudice** this action by Plaintiffs under Federal Rule of Civil Procedure 41(b) for failure to comply with the court's orders and **directs** the clerk of the court to close this case after terminating all pending motions.

    **It is so ordered** this 23rd day of February, 2018.

                                                          Sam A. Lindsay
                                                          United States District Judge